# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN WESLEY SLAGLE,

    Petitioner,

Case No. 3:12-cv-367

  -vs-

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

MICHELE MILLER, Warden,
Belmont Correctional Institution,

    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases. That Rule provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Petitioner pleads that he was convicted on two counts of aggravated theft and sentenced to four years imprisonment which he is serving in Respondent's custody. He pleads one Ground for Relief:

> A prior Petition for Habeas Corpus was filed with this Court, resulting in the issuance of a Conditional Writ of Habeas Corpus being the result of which was that the Common Pleas Court of Montgomery County, Ohio, followed the decision and proposed remedy issued by this Court; however, the Second District Court of Appeals, Ohio, found that the decision and proposed remedy issued by this Court was illegal and impermissible under Ohio law; the Second District Court of Appeals then stated that it did not have jurisdiction to overturn the decision and proposed remedy due

1

>to the doctrine of collateral estoppel. An appeal was then filed with the Ohio Supreme Court, and the Ohio Supreme Court declined jurisdiction and dismissed said appeal filed therein.

(Petition, Doc. No. 1-1, PageID 12.)

Petitioner did indeed file a previous petition for habeas corpus in this Court in Case No. 3:08-cv-146 (the "2008 Case"). The records in that case disclose the following facts: Mr. Slagle had been tried before Common Pleas Judge G. Jack Davis, Jr., sitting without a jury. Judge Davis died before rendering a decision. Judge John Kessler then granted a mistrial on the State's motion and the case was set for a new trial before Judge Frances E. McGee. Slagle sought dismissal of the indictment on grounds that a new trial would violate his rights under the Double Jeopardy Clause. Judge McGee denied the motion and the Montgomery County Court of Appeals dismissed an appeal on grounds it lacked jurisdiction because there was no final appealable order. Judge McGee then stayed proceedings in her court pending the outcome of Slagle's habeas petition in this Court.

The 2008 Case was assigned to this Magistrate Judge who recommended that the Court conclude that the Common Pleas court's

>. . . decision to grant a mistrial is an objectively unreasonable application of clearly established Supreme Court law based on the aggregation of the following facts:
>
>The original declaration of mistrial was entered without giving Petitioner an opportunity to be heard.
>
>Judge McGee's decision does not take into account the Petitioner's interest in confining the State to the one opportunity it had to present evidence. Practically any party can benefit from a "dry run," which is one of the reasons a criminal defendant has a right to a decision on the record created in the first trial. *See Yeager, supra.*
>
>Judge McGee's decision does not discuss the alternative of a decision on the video record already created – not a video "re-

> trial," but a decision on the evidence already presented. While watching video may not permit as full a weighing of "demeanor" evidence as being present in person [Footnote omitted], as Petitioner pointed out in his Motion to Dismiss, American courts routinely allow triers of fact to make such determinations from video depositions.

(Report and Recommendations, Doc. No. 36, PageID 110-111.)  Petitioner sought an absolute writ, but the Court concluded the writ should be conditional: it would become absolute unless Judge McGee reviewed the video record made before Judge Davis and rendered a decision within 180 days from judgment. *Id.*  Petitioner objected that an unconditional writ should be issued (2008 Case Doc. No. 38).  Judge Rose overruled the objection, but this Court granted Slagle a certificate of appealability on that question (2008 Case, Doc. Nos. 40, 46).  The Sixth Circuit affirmed that decision.  *Slagle v. Court of Common Pleas of Montgomery County, Ohio*, No. 09-4326 (6th Cir. Oct. 4, 2010)(unreported; copy at 2008 Case, Doc. No. 50).

In the meantime, Judge McGee had reviewed the record, found Mr. Slagle guilty, and sentenced him to the term of imprisonment he is now serving.  He appealed that judgment to the Montgomery County Court of Appeals which affirmed.  *State v. Slagle*, No. 23934, 2012-Ohio-1575, 2012 Ohio App. LEXIS 1384 (Ohio App. 2nd Dist. Apr. 6, 2012)(Fain, J.).  The Ohio Supreme Court declined jurisdiction over a further appeal.  *State v. Slagle*, 132 Ohio St. 3d 1485 (2012).  Slagle then filed the instant timely Petition.[1]

---

[1] The Petition here is not barred by the second-or-successive jurisdictional bar in 28 U.S.C. § 2244.  The prior Petition was pre-judgment, filed under 28 U.S.C. § 2241, and sought to prevent a second trial.  The instant Petition attacks the judgment of conviction and is brought under 28 U.S.C. § 2254.

3

## Analysis

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner has not suggested any federal constitutional provision which renders his conviction voidable and the Magistrate Judge is aware of none.  This Court held there was no manifest necessity for a mistrial because the case could be decided on the video record which had been created before Judge Davis.  The court of appeals clearly held that a successor judge cannot under Ohio law render a verdict on an audiovisual record taken by another judge, absent consent of the parties. *Slagle*, 2012-Ohio-1575, ¶ 40.  Implicitly, it noted that this was a case of first impression by noting that prior cases involved merely a written transcript, not an audiovisual record.[2]  Assuming its decision in this case is precedential, the next federal judge deciding a case like Mr. Slagle's will be obliged to find that review of an audiovisual record by a successor judge is not an alternative to declaring a mistrial because federal courts are bound to follow state court precedent in deciding what state law is.  *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841)(Story, J., holding that "the laws of the several states" in the Judiciary Act of 1789 means only the statutory law of the States.)

---

[2] "In none of those cases, however, does it appear that the successor judge had an audiovisual record, as opposed to a written transcript, upon which to base a verdict." *Id.* at ¶ 35.

But the court of appeals did not grant Mr. Slagle relief based on its conclusion about the audiovisual record because it found such relief was barred by collateral estoppel. *Slagle*, 2012-Ohio-1575, ¶¶ 41-48. It reached that conclusion by applying Ohio collateral estoppel doctrine, concluding that (1) this Court had jurisdiction, (2) the issue in question had been litigated between the same parties who were before the Common Pleas Court, and (3) a decision on the issue was necessary to this Court's judgment. *Id.* (applying Ohio collateral estoppel doctrine as enunciated in *Whitehead v. General Tel. Co.,* 20 Ohio St. 2d 108 (1969)). It reached its conclusion as a matter of Ohio, not federal, law. Nothing in the United States Constitution in any way prohibited it from applying Ohio collateral estoppel law to reach its judgment.

## Conclusion

Based on the foregoing analysis, the Magistrate Judge concludes the Petition does not state a claim upon which federal habeas corpus relief can be granted. The Petition should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that an appeal would not be taken in objective good faith.

November 1, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).