# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN WESLEY SLAGLE,

    Petitioner,

    -vs-

MICHELE MILLER, Warden,
 Belmont Correctional Institution,

    Respondent.

Case No. 3:12-cv-367

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## ORDER FOR ANSWER

This habeas corpus action is before the Court for initial review.  The Magistrate Judge initially recommended dismissal of the Petition for failure to state a claim upon which habeas corpus relief could be granted (Doc. No. 3).  Slagle objected (Doc. No. 5) and moved to amend (Doc. No. 6).  The Magistrate Judge withdrew the Report and Recommendations as moot and now proceeds to consider the Petition as amended.

Slagle pleads two Grounds for Relief:

> **Ground One:**  Petitioner's right to due process of law and equal protection thereof was denied by a trial and finding of guilt solely on an audio-visual record, which trial method was improper, impermissible and illegal, pursuant to Ohio law.  As a consequence of the Court of Common Pleas, Montgomery County, Ohio choosing to follow a recommendation of this Court, Petitioner herein was denied due process of law and the equal protection thereof, being the only person ever convicted of a crime in the state of Ohio by an admittedly improper and therefor [sic] illegal process.
>
> **Supporting Facts:**  A prior Petition for Habeas Corpus was filed with this Court, resulting in the issuance of a Conditional Writ of

1

Habeas Corpus being the result of which was that the Common Pleas Court of Montgomery County, Ohio, followed the decision and proposed remedy issued by this Court; however, the Second District Court of Appeals, Ohio, found that the decision and proposed remedy issued by this Court was illegal and impermissable [sic] under Ohio law; the Second District Court of Appeals then stated that it did not have jurisdiction to overturn the decision and proposed remedy due to the doctrine of collateral estoppel. An appeal was then filed with the Ohio Supreme Court, and the Ohio Supreme Court declined jurisdiction and dismissed said appeal filed therein.

**Ground Two:** Petitioner's right to due process of law and the equal protection thereof was denied by a finding of guilt of theft based solely on a contractual agreement in violation of Ohio law.

**Supporting Facts:** From the very beginning, Petitioner has maintained that this entire situation is a civil and not a criminal matter.

In Ohio, the Supreme Court has been clear that it has plenary power over matters involving the government of the regulation of the attorney profession. No other branch of government has any authority whatsoever, in that area. Pursuant to its authority, the Ohio Supreme Court has established the following tenants [sic]: 1. Law firms cannot have clients, only individual attorneys may have clients; 2. Law firms, therefore, cannot earn fees, only individual attorneys may earn fees from the individual attorneys' own clients; 3. An individual attorney may contract with a law firm for numerous reasons and to essentially agree to remit fees to it, after earned by the attorney involved.

Here, the law firm's contract claimed all clients belonged to it and all fees were due to the law firm, clearly in violation of Ohio Supreme Court principles. Without the contract, the firm would be entitled to nothing.

If, however, the contract was breached, that is and was and always will be a civil matter. Neither, thankfully, is there a statute in Ohio that declares a breach of contract a crime.

Ohio's theft statute speaks of the owner. In the first instance, the individual attorney (the Petitioner) is the owner, subject to only a contractual obligation to remit fees to the firm.

Moreover, it is absolutely crystal clear that the Petitioner was the

2

> owner, ultimately, of a large portion of the fess, pursuant to the same contract. As he was an owner of the firm, in Ohio, an owner may not be guilty of taking his own money. Additionally, the State completely failed to prove what, if any, portion of the fees may have belonged to the firm, if any, and what amount belonged to the Petitioner.

(Petition, Doc. No. 1, as supplemented by Motion to Amend, Doc. No. 6).

Upon preliminary consideration pursuant to Rule 4 of the Rules Governing §2254 Cases, the Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court. Accordingly, it is hereby ORDERED that Respondent shall, not later than February 1, 2013, file an answer conforming to the requirements of Rule 5 of the Rules Governing §2254 Cases. Specifically, said answer shall respond to each allegation made in the Petition, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case, accompanied by an index of the documents in the record. When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter, by either party, including the answer and the exhibit index, shall include record references to the PageID number. Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed.

As required by Fed. R. Civ. P. 5, a complete copy of the answer and state court record must be served on Petitioner at the time of filing.

3

Petitioner may, not later than twenty-one days after the answer is filed, file and serve a reply to the answer.

The Clerk is ordered to serve the Petition (Doc. No. 2), the original Report and Recommendations (Doc. No. 3), the Objection (Doc. No. 5), the Motion to Amend/Correct (Doc. No. 6), and the Decision and Order Withdrawing Report and Recommendations (Doc. No. 7) on Respondent and the Attorney General of Ohio, c/o Assistant Attorney General M. Scott Criss, Sections Coordinator, 150 E. Gay Street, 16th Floor, Columbus, Ohio 43215.

December 17, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge