IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN WESLEY SLAGLE,

    Petitioner,

v.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,

    Respondent.

:

:

:

:

Case No. 3:12-cv-367

DISTRICT JUDGE WALTER H. RICE

MAGISTRATE JUDGE MICHAEL R. MERZ

---

DECISION AND ENTRY ADOPTING THE REPORT AND RECOMMENDATIONS (DOC. #15) AND THE SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #20) OF THE UNITED STATES MAGISTRATE JUDGE, WITH ADDITIONAL ANALYSIS BY THE COURT; PETITIONER'S OBJECTIONS (DOC. #18 AND DOC. #23) TO SAID JUDICIAL FILINGS OVERRULED; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER HEREIN, DISMISSING PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS PURUSANT TO 28 U.S.C. § 2254 (DOC. #2) WITH PREJUDICE; CERTIFICATE OF APPEALABILITY AND ANCTICIPATED MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS DENIED; TERMINATION ENTRY

---

Pending before the Court is the Petition for Writ of Habeas Corpus (Doc. #2), filed on October 31, 2012, by John Wesley Slagle ("Petitioner"). Based upon the reasoning and citations set forth in the Report and Recommendations (Doc. #15) and the Supplemental Report and Recommendations (Doc. #20) of the United States Magistrate Judge, as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court adopts said judicial filings and their

1

conclusions in their entirety, with the additional analysis of Ground One of the Petition, as set forth by the Court below. The Court OVERRULES Plaintiff's Objections (Doc. #18 and Doc. #23) to those judicial filings and DISMISSES with prejudice Petitioner's Petition for Writ of Habeas Corpus (Doc. #2). Judgment will be entered in favor of Respondent and against Petitioner herein. Petitioner is DENIED a certificate of appealability on all claims, as well as an anticipated request for leave to appeal *in forma pauperis*.

I.     **Additional Analysis Concerning Ground One of the Petition**

Ground One of Slagle's Petition asserts that:

Petitioner's right to due process of law and equal protection thereof was denied by a trial and finding of guilt solely on an audio-visual record, which trial method was improper, impermissible and illegal, pursuant to Ohio law. As a consequence of the Court of Common Pleas, Montgomery County, Ohio choosing to follow the recommendation of this Court, Petitioner herein was denied due process of law and the equal protection thereof, being the only person ever convicted of a crime in the State of Ohio, by an admittedly improper and therefor[e], illegal process.

Supporting Facts: A prior Petition for Habeas Corpus was filed with this Court, resulting in the issuance of a Conditional Writ of Habeas Corpus being the result of which was that the Common Pleas Court of Montgomery County, Ohio, followed the decision and proposed remedy issued by this Court; however, the Second District Court of Appeals, Ohio, found that the decision and proposed remedy issued by this Court was illegal and impermissible under Ohio law; the Second District Court of Appeals then stated that it did not have jurisdiction to overturn the decision and proposed remedy due to the doctrine of collateral estoppel. An appeal was then filed with the Ohio Supreme Court, and the Ohio Supreme Court declined jurisdiction and dismissed said appeal filed therein.

Doc. #6 at 2; Doc. #2 at 5.

The Magistrate Judge found that Petitioner had procedurally defaulted the equal protection aspect of this claim because he never presented the issue to a state court. Doc. #15 at 2-6. Even if the equal protection argument were considered on the merits, however, the Magistrate Judge found it to be without merit, reasoning as follows:

> It is true that Slagle's situation is apparently the first time that it happened in Ohio that a felony case had been tried to the bench and the judge had died before rendering a verdict and there was a complete video record of the trial. The Montgomery County Common Pleas Court was an early adopter of creating the record by video recording and the circumstance of a judicial death before verdict must be quite rare. Thus the State did not do anything intentional to create the situation in which Slagle found himself, except making a video record, which it does for everyone.
>
> Once Judge Davis died, it was Slagle himself who proposed that the case be decided on the record already created. Thus if there were constitutional error in proceeding in that way, it would be invited error. After the Second District Court of Appeals decision in this case, assuming their decision becomes precedential, no one else will ever have his or her case decided the way Slagle's was decided, but that is not the result of any invidious discrimination against him.

*Id.* at 7-8.

Regarding the due process aspect of Slagle's claim, the Ohio Court of Appeals held that collateral estoppel prevented him from relitigating the issue of whether he could have been tried by a judge who reviewed the video recording of his bench trial prior to Judge Davis' death, because Slagle himself obtained that remedy from this Court after filing his first habeas petition. *State v. Slagle*, 2012-Ohio-1575, 2012 WL 1144051 (Ohio Ct. App. Apr. 6, 2012). The Magistrate

3

Judge concluded that neither that holding nor the bench trial-by-videotape proceeding were contrary to or unreasonable applications of clearly established Supreme Court precedent, as Slagle made no argument or demonstrated any authority to show otherwise. Doc. #15 at 11-12.

### A. Objection that Petitioner's Equal Protection Claim is not Procedurally Defaulted

The Magistrate Judge reviewed the state court record and concluded that Slagle had procedurally defaulted his Equal Protection claim because he failed to fairly present it to the state courts. Doc. #15 at 4-6.

Slagle objected, claiming that he did fairly present all issues to the state courts. Doc. #18 at 4-5. In the Supplemental Report and Recommendations, the Magistrate Judge considered this objection, but noted that Slagle's response failed to cite to any portion of the record where he presented the Equal Protection claim, and instead merely reargued his Double Jeopardy claim. Doc. #20 at 6-7. Slagle did not address these observations in his Objections to the Supplemental Report & Recommendations. Doc. #23.

The Court has reviewed the state court documents in question and agrees with the Magistrate Judge that Slagle did not present an Equal Protection claim to Ohio's courts. His Merit Brief in the Ohio Court of Appeals presented four grounds for relief. Therein, he argued that the trial court violated his Due Process and Double Jeopardy rights by overruling the Motion to Dismiss, there was insufficient evidence to convict him under Ohio Revised Code § 2913.02, his sentence was

4

disproportionate, and the order of restitution was against the manifest weight of the evidence. Doc. #11-1 at 123. The section of the Brief devoted to the constitutional issues contains no mention the Equal Protection clause, nor do the other sections devoted to Slagle's other arguments. *Id.* at 149-168. Furthermore, a review of the Memorandum in Support of Jurisdiction that Slagle filed when he pursued an appeal to the Supreme Court of Ohio fails to reveal any reference to Equal Protection. Doc. #11-2 at 195-208. The Court agrees with the Magistrate Judge that Slagle has procedurally defaulted the Equal Protection claim. He may not, therefore, present it to this court as a cognizable basis for habeas relief. *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012); *Seymour v. Walker*, 224 F.3d 542, 549-550 (6th Cir. 2000).

## B. Objection to the Assignment of Magistrate Judge Merz to the Petition

Slagle objects to Magistrate Judge Merz's assignment to the review of his Petition because Magistrate Judge Merz was involved with his previous petition. Doc. #18 at 2. Slagle believes that the assignment places the Magistrate Judge "in the uncomfortable position of having to defend his initial decision that has led to all the trouble and confusion in this case," and protests that he never consented to the involvement of the Magistrate Judge. *Id.* He claims that the Magistrate Judge's "first decision ignored the fact that a totally improper motion for mistrial had been ordered" in his state court criminal trial. *Id.* Slagle also asserts that the Magistrate Judge incorrectly states that he advocated for the remedy of having

5

Judge Davis's successor review the videotaped proceedings in lieu of a mistrial, claiming that "the Magistrate does not cite anything whatsoever for support of that statement. Precisely where did Petitioner agree to such a remedy? Petitioner does not know." *Id.* at 3.

In the Supplemental Report and Recommendations, the Magistrate Judge makes several points in response. First, assignment of habeas corpus cases is done by general assignment, and Petitioner never objected to the assignment "in writing as early as possible," as required by Local Rule 7.1.1(d). Doc. #20 at 2. Second, under *Liteky v. United States*, 510 U.S. 540, 555 (1994), "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" without some showing that the judge harbors "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 3. Third, the initial habeas decision did not ignore the filing of the mistrial motion in Slagle's case, but instead concluded that granting the motion violated clearly established Supreme Court precedent and, therefore, conditionally granted the writ. Finally, the Magistrate Judge cites to the precise portion of the trial court record where, in an argument made in support of a Motion to Dismiss, Slagle advocated for the procedure of videotape review that he now claims he never agreed to. *Id.* at 4-5.

Slagle objects to the Supplemental Report and Recommendations on several grounds. First, he insists that he "declined to agree" to "have the issues herein decided by the Magistrate Judge," and "this situation needs a new set of eyes to review this matter by a judge or magistrate not previously involved." Doc. #23 at

6

3. Second, Slagle claims he was not aware that Magistrate Judge Merz would continue to be involved in this case after granting Slagle *in forma pauperis* status, and that he expressly "declined to have the Magistrate involved in this case." *Id.* Slagle argues that the remedy ordered by this Court when adjudicating his first habeas corpus petition "was impermissible under Ohio law at the time" and is, therefore, a "nullity" that the Court must now correct. *Id.* at 4. Slagle also dismisses the citation to the trial court memorandum that he filed, which advocated for a videotaped review of his trial by Judge Davis' successor, as "a paragraph or so in something Petitioner's then attorneys filed," and states: "Perhaps it was only a suggestion, or something since no agreement can be found, it is difficult to determine why such a thing would be written."

The Court overrules Slagle's objection to the assignment of Magistrate Judge Merz to his case. General Order No. 13-01 of the United States District Court for the Southern District of Ohio, Western Division at Dayton, assigns <u>all</u> habeas corpus petitions to Magistrate Judge Merz. The same automatic assignment to Magistrate Judge Merz was also in effect when Slagle litigated his previous habeas corpus petition. *See* General Order of Assignment, July 20, 2007. Thus, in spite of Slagle's assertion that he was unaware that Magistrate Judge Merz would continue to be involved with his case after granting his motion to proceed *in forma pauperis*, Slagle clearly had sufficient notice of the assignment.

Furthermore, while 28 U.S.C. § 636(c) requires the parties' consent to the jurisdiction of a Magistrate Judge to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case," Slagle, as a habeas corpus petitioner, was not free to "decline" the initial assignment of his case to the Magistrate Judge for a preliminary review resulting in a Report and Recommendations. Under 28 U.S.C. § 636(b), Congress has "authorized the nonconsensual referral to magistrates for a hearing and recommended findings 'of prisoner petitions challenging conditions of confinement.'" *McCarthy v. Bronson*, 500 U.S. 136, 137 (1991) (quoting 28 U.S.C. § 636(b)(1)(B)). Because the statute also covers "applications for posttrial relief made by individuals convicted of criminal offenses," the Supreme Court has interpreted the statute to "include in their entirety the two primary categories of suits brought by prisoners — applications for habeas corpus relief pursuant to 28 U.S.C. §§ 2254 and 2255 and actions for monetary or injunctive relief under 42 U.S.C. § 1983." *Id.* at 140. General Order No. 13-01 of this Court assigns habeas corpus petitions to Magistrate Judge Merz pursuant to that statute. Moreover, Slagle's assertion that he protested the assignment of his case to a Magistrate Judge is unsupported by the record before the Court. Notwithstanding his assertion that he "declined to have the Magistrate involved in this case," there no indication in the docket of this case that Slagle ever challenged the assignment of his case to a Magistrate Judge. He references a "declination form," by which he may mean the portion of the Rule 26(f) form available on this Court's website that allows parties to give or withhold

8

consent to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c). However, as discussed, the 28 U.S.C. § 636(b)(1)(B) referral of habeas corpus petitions is nonconsensual, and the Rule 26(f) form does not apply.

The Court also rejects Slagle's contention that the Magistrate Judge's involvement with Slagle's prior habeas corpus petition should disqualify him from reviewing the instant petition. As the Magistrate Judge noted, quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994), "opinions formed by the judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Slagle has not made any attempt to describe the favoritism or antagonism required by *Liteky*, nor has he complied with the procedure required by 28 U.S.C. §144 for requesting recusal by filing "a timely and sufficient affidavit" that demonstrates bias or prejudice. His request for "a new set of eyes to review this matter by a judge or magistrate not previously involved" must be satisfied by the Court's *de novo* review of his claims, as required by 28 U.S.C. § 636(b)(1), not by the reassignment or dismissal of the Magistrate Judge. For the foregoing reasons, the Court overrules Slagle's objection to Magistrate Judge Merz's assignment to, and review of, Slagle's Petition for a Writ of Habeas Corpus.

### C. Objection to the Ohio Court of Appeals' Consideration of his Due Process Claim

As noted above, Slagle also objects to the Ohio Court of Appeal's consideration of his Due Process claim. However, his argument that the videotape review of his trial by a successor judge, ordered by this Court to prevent the Doubly Jeopardy violation that would have resulted from a retrial, "was impermissible under Ohio law at the time" and, therefore, a "nullity," is without merit. At the time Slagle filed his first habeas corpus petition, there was no Ohio law addressing the issue of whether a successor judge adjudicating a bench trial could render a verdict after reviewing a video recording of the proceedings. Slagle's case brought that unique factual circumstance before the Ohio Court of Appeals for the first time. Thus, at the time of the Court's Order to Judge McGee to render a verdict based on the videotaped record, and before the decision handed down in Slagle's appeal, Ohio law was silent on that precise issue. Judge McGee's review and verdict were not, therefore, impermissible under Ohio law at the time they were rendered.

Furthermore, under the holding of the Ohio Court of Appeals *particularly* applicable to Slagle, his trial did not violate Ohio law. It is true that the court held that, as a general rule, "a successor judge in a bench trial, absent the consent of the parties, may not render a verdict in a bench trial based solely upon a review of an audiovisual recording of the trial." 2012-Ohio-1575 ¶ 40. However, in Slagle's case, the court held that he was collaterally estopped from challenging the

10

propriety of a judge rendering a verdict based on such a review, because he had litigated the issue in his first habeas case and took the position that such a proceeding was an acceptable alternative to a mistrial. *Id.* ¶¶ 41-48. The Court of Appeals, therefore, overruled his assignment of error. Thus, whatever precedent Slagle's case set for the future of Ohio criminal trials, the rule did not apply to him.

In any case, for purposes of federal habeas appeal, the illegality of the proceedings under Ohio law is irrelevant. As the Supreme Court has made clear, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68-89 (1991). Slagle has not demonstrated how his trial was fundamentally unfair. Although he asked for an unconditional writ in his first habeas petition, he also argued for the very remedy that the Court ordered. His current attempts to minimize that fact are belied by the language of his first habeas petition:

> It has been recognized that "there may be a great number of instances in which a substitute judge may be able to sufficiently familiarize himself with the case in a bench trial, and be able to complete the case in a manner that comports with the dictates of law and justice." *State v. Kainard*, 1989 Ohio App. LEXIS 3075, at **8-9. Petitioner submits that the instant case is one such case that could have been completed on the current record. Here, as noted previously, there exists a complete audio/visual record of the trial. All of the written arguments [have] been submitted. Thus, any judge could review the videotape and be in the same position as Judge Davis was with regard to observing witness demeanor and making credibility determinations. This is no different from presenting a videotaped deposition of a

11

> witness to the trier of fact in any other trial, a practice which has been used extensively for years.

*Slagle v. Court of Common Pleas of Montgomery County, Ohio*, No. 3:08-cv-146 (S.D. Ohio Apr. 29, 2008), Doc. #1 at 5-6.

> It is also obvious that the Trial Court failed to seriously consider less drastic alternatives to declaring a mistrial. As noted above, one such alternative could have been a review of the audio/visual record by a new judge, followed by a verdict. In fact, this alternative was later proposed by Mr. Slagle's counsel, and was rejected only because the State unilaterally vetoed it.

*Id.* at 7.

Slagle clearly argued that a verdict by a judge reviewing the videotaped record of his trial would not violate his constitutional rights. Now that such a verdict has been rendered, he argues that it does, in fact, violate his Due Process rights. His objections invoke the Second District Court of Appeals' general holding that a verdict based on a videotape review was improper, but that holding only addressed Ohio law. Doc. #23 at 4. Nor has he pointed to any Supreme Court decision that holds that a reviewing court may not preclude the relitigation, on the basis of collateral estoppel, of an issue that an appellant successfully litigated to his advantage in a previous habeas corpus petition. Slagle has not described a Due Process violation upheld by the Ohio Court of Appeals that that is a cognizable basis for a habeas petition. Accordingly, the Court overrules Slagle's objections to the Magistrate Judge's recommendation to dismiss Ground One of his Petition.

## II. Conclusion

Based upon a thorough *de novo* review of this Court's file and the applicable law, the Court adopts the conclusions of the United States Magistrate Judge, set forth in the Report and Recommendations (Doc. #15) and the Supplemental Report and Recommendations (Doc. #20), with the additional analysis set forth above applicable to Ground One. The Court OVERRULES Plaintiff's Objections (Doc. #18 and Doc. #23) to said judicial filings and DISMISSES with prejudice Petitioner's Petition for Writ of Habeas Corpus (Doc. #2). Judgment will be entered in favor of Respondent and against Petitioner.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be <u>objectively</u> frivolous, Petitioner is DENIED a certificate of appealability and DENIED any anticipated motion for leave to appeal *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: November 3, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

13